UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

OBEY R. FREEMAN,

    Plaintiff,

vs.                                      Case No.  8:13-cv-732-T-MCR

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

**MEMORANDUM OPINION AND ORDER[1]**

This cause is before the Court on Plaintiff's appeal of an administrative decision denying his application for Social Security benefits. The Court has reviewed the record, the briefs, and the applicable law. For the reasons set forth herein, the Commissioner's decision is **REVERSED** and **REMANDED**.

**I.    PROCEDURAL HISTORY**

Plaintiff filed an application for a period of disability and disability insurance benefits ("DIB"), alleging disability beginning March 13, 2009 (Tr. 232-35). The Social Security Administration denied Plaintiff's application initially and upon reconsideration (Tr. 90-91, 100-03, 109-12). Plaintiff requested a hearing before an administrative law judge ("ALJ") and his case was heard May 5, 2011 (Tr. 59-82). On June 17, 2011, the ALJ issued a decision finding Plaintiff not disabled (Tr. 44-54). Plaintiff requested review by the Appeals Council and was denied on January 30, 2013 (Tr. 1-5). Accordingly, the ALJ's June 17, 2011 decision is the

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 14).

final decision of the Commissioner.  Plaintiff filed his Complaint in the United States District Court on March 21, 2013 (Doc. 1).

## II.     NATURE OF DISABILITY CLAIM

### A.     Basis of Claimed Disability

Plaintiff was born on July 6, 1955, and was 55 years of age on the date the ALJ's decision was issued (Tr. 53).  Plaintiff has a high school education and past relevant work experience as a supervisor/government serviceman. Id. Plaintiff claims to have been disabled since March 13, 2009, due to rotator cuff syndrome, arthritis, shoulder problems, hip pain, left knee problems, depression, and foot problems (Tr. 46, 64-71, 263).  The medical evidence has been summarized in the decision of the ALJ and the parties' memoranda and will not be repeated here except as necessary to address the issues presented.

### B.     Summary of the ALJ's Decision

A plaintiff is entitled to disability benefits when he is unable to engage in a substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve (12) months.  42 U.S.C. §§ 416(I), 423(d)(1)(A); 20 C.F.R. § 404.1505.  The ALJ must follow five steps in evaluating a claim of disability.  See 20 C.F.R. §§ 404.1520, 416.920.  First, if a claimant is working at a substantial gainful activity, he is not disabled.  29 C.F.R. § 404.1520(b).  Second, if a claimant does not have any impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities, then he does not have a severe impairment and is not disabled.  20 C.F.R. § 404.1520(c).  Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404,

Subpart P, Appendix 1, he is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent him from doing past relevant work, he is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering his residual functional capacity, age, education, and past work) prevent him from doing other work that exists in the national economy, then he is disabled. 20 C.F.R. § 404.1520(f). Plaintiff bears the burden of persuasion through step four, while at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 (1987).

In this case, the ALJ determined Plaintiff met the nondisability requirements of the Social Security Act (the "Act") and was insured for benefits through December 31, 2014 (Tr. 46). At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since his alleged onset date of March 13, 2009. Id. At step two, the ALJ found Plaintiff had the following severe impairments: lumbar spine degenerative disc disease; cervical spine herniated nucleus populous, spondylosis, and bulging disc with residual tendinitis; and status post arthroscopy and acrominoplasty. Id. At step three, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 48). Consequently, the ALJ assessed Plaintiff's RFC and found,

> [T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) involving occasional balancing, climbing, kneeling, crouching, stooping, and crawling, but no climbing ladders, ropes, scaffolds, or at open heights. Reaching and pulling overhead would be limited to occasionally with the upper extremities. He should avoid extreme vibration.

Id. At step four, the ALJ found Plaintiff was unable to perform his past relevant work (Tr. 53). At step five, utilizing a vocational expert ("VE"), the ALJ found Plaintiff could perform other jobs

that exist in significant numbers in the national economy, such as administrative assistant, appointment clerk and receptionist (Tr. 53-54). Accordingly, the ALJ found Plaintiff was not disabled within the meaning of the Social Security Act (Tr. 54).

### III. ANALYSIS

#### A. The Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence. Richardson v. Perales, 402 U.S. 389, 390, 91 S. Ct. 1420, 1422 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence must do more than create a mere suspicion of the existence of a fact, and must include relevant evidence which a reasonable person would accept as adequate to support the conclusion. Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing Walden v. Schweiker, 672 F.2d 835, 838 (11th Cir. 1982) and Richardson, 402 U.S. at 401).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds the evidence preponderates against the Commissioner's decision. Edwards v. Sullivan, 937 F.2d 580, 584 n.3 (11th Cir. 1991); Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. Foote, 67 F.3d at 1560.

#### B. Issues on Appeal

Plaintiff raises two issues on appeal. First, Plaintiff argues the ALJ failed to properly

evaluate the medical opinions of record. Specifically, Plaintiff argues the ALJ failed to properly evaluate the opinion of Plaintiff's treating physician, Dr. Cutchall, and erred in giving some weight to the opinion of the non-examining reviewing physician. Second, Plaintiff argues the ALJ failed to properly evaluate his symptoms and credibility.

Upon review and consideration of the ALJ's decision and the record evidence, the Court finds the ALJ erred in evaluating the medical opinion evidence. As a result, the ALJ's RFC assessment is not supported by substantial evidence and this case is due to be remanded for further proceedings. Because the ALJ's reevaluation of the medical opinions necessarily will require reconsidering Plaintiff's credibility and RFC, the remaining issue raised by Plaintiff need not be addressed. See Demenech v. Sec'y of the Dep't of Health & Human Servs., 913 F.2d 882, 884 (11th Cir. 1990) (per curiam) (concluding that certain arguments need not be addressed when the case would be remanded on other issues); Jackson v. Bowen, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (per curiam) (declining to address certain issues because they were likely to be reconsidered on remand).

The Eleventh Circuit has noted that the focus of any RFC assessment is on the doctors' evaluations of a claimant's condition and the resulting medical consequences. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997). An ALJ must consider and evaluate every medical opinion received. 20 C.F.R. § 404.1527. Additionally, in assessing the medical evidence, the ALJ must "state with particularity the weight he gave the different medical opinions and the reasons therefor." Sharfarz v. Bowen, 825 F.2d 278, 279 (11th Cir. 1987) (citing MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986)). Thus, while it is true the determination of disability under the Social Security Act is reserved to the Commissioner, the ALJ is nevertheless required to consider and explain the weight given to opinions of medical

5

doctors. See McCloud v. Barnhart, 166 Fed. Appx. 410, 419 (11th Cir. 2006)[2] (remanding where ALJ did not explain weight given to consulting psychologist's report or the reasons for discrediting his opinion). Although the ALJ has wide latitude to evaluate the weight of the evidence, he must do so in accordance with prevailing precedent. Pursuant to the regulations, the weight an ALJ must give medical opinions varies according to the relationship between the medical professional and the claimant. 20 C.F.R. § 404.1527(c); SSR 96–6p. "The opinions of examining physicians are generally given more weight than non-examining physicians; treating physicians receive more weight than nontreating physicians; and specialists on issues within their areas of expertise receive more weight than non-specialists." Preston v. Astrue, No. 2:09–cv–0485–SRW, 2010 WL 2465530, at *6 (M.D.Ala. June 15, 2010).

It is well established that a treating physician's opinion is ordinarily entitled to deference. This is because a treating physician is a medical professional who is "able to provide a detailed, longitudinal picture" of the claimant's medical impairments and "may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations." Lewis, 125 F.3d at 1440. Therefore, if a treating physician's opinion on the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with the other substantial evidence in the record, the ALJ must give it controlling weight. 20 C.F.R. § 404.1527(c)(2). If the treating physician's opinion is not entitled to controlling weight, the case law and the Regulations require the ALJ to give substantial weight to the opinion, unless there is good cause to do otherwise. Lewis, 125 F.3d at 1440; 20 C.F.R.

---

[2] Unpublished opinions are not considered binding authority; however, they may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

§ 404.1527(c). The Eleventh Circuit has concluded "good cause" exists when: (1) the treating physician's opinion was not bolstered by the evidence; (2) the evidence supported a contrary finding; or (3) the treating physician's opinion was conclusory or inconsistent with the doctor's own medical records. Phillips v. Barnhart, 357 F.3d 1232, 1240-41 (11th Cir. 2004) (citing Lewis, 125 F.3d at 1440). When a treating physician's opinion does not warrant controlling weight, the ALJ must weigh the opinion based on: (1) length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship; (3) the medical evidence supporting the opinion; (4) consistency with the record as a whole; (5) specialization in the medical issues at issue; and (6) other factors which tend to support or contradict the opinion. Sullivan v. Astrue, No. 3:09-cv-411-J-JBT, 2010 WL 3729811, at *6 (M.D. Fla. Sept. 17, 2010); 20 C.F.R. § 404.1527(c); see also SSR 96-2p, 1996 WL 374188 (S.S.A. July 2, 1996) ("Adjudicators must remember that a finding that a treating source medical opinion is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with the other substantial evidence in the case record means only that the opinion is not entitled to 'controlling weight,' not that the opinion should be rejected. Treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 CFR 404.1527 and 416.927.").

  An ALJ must clearly articulate his reasons for electing to disregard the opinion of a treating physician. Phillips, 357 F.3d at 1241. "Where the ALJ articulated specific reasons for failing to give the opinion of a treating physician controlling weight, and those reasons are supported by substantial evidence," a reviewing court cannot "disturb the ALJ's refusal to give the opinion controlling weight." Carson v. Comm'r of Soc. Sec., 300 Fed. Appx. 741, 743 (11th Cir. 2008) (per curiam) (citations omitted). However, when discrediting the opinion of a treating

physician, the ALJ must explicitly set forth the rationale for doing so and the failure to do so is reversible error. Lewis,125 F.3d at 1440. "Conclusory statements by an ALJ to the effect that an opinion is inconsistent with or not bolstered by the medical record are insufficient to show that an ALJ's decision is supported by substantial evidence unless the ALJ articulates factual support for such a conclusion." Kahle v. Comm'r of Soc. Sec., 845 F. Supp. 2d 1262, 1272 (M.D. Fla. 2012). Furthermore, the opinion of a non-examining physician does not establish the good cause necessary to reject the opinion of a treating physician. Lamb v. Bowen, 847 F.2d 698, 703 (11th Cir.1988); see also Sharfarz, 825 F.2d at 279 ("The opinions of nonexamining, reviewing physicians . . . when contrary to those of the examining physicians, are entitled to little weight, and standing alone do not constitute substantial evidence."); Spencer ex. rel. Spencer v. Heckler, 765 F.2d 1090, 1094 (11th Cir. 1985) ("[R]eports of physicians who do not examine the claimant, taken alone, do not constitute substantial evidence on which to base an administrative decision.").

In the instant case, Plaintiff's treating physician, Dr. Susan Cutchall, completed a physical residual functional capacity questionnaire on February 16, 2011 (Tr. 847-50). Dr. Cutchall indicated she saw Plaintiff every six months (Tr. 847). Dr. Cutchall has been treating Plaintiff since 2008. She identified Plaintiff's diagnoses as rotator cuff tear status post repair and cervical spondylosis, and his symptoms as constant pain, limited motion and strength, and numb hands. Id. She stated Plaintiff had burning pain in his right shoulder to neck, which was at nine out of a ten point scale in severity and was made worse with overhead lifting. Id. She identified decreased range of motion as a clinical finding and objective sign. Id. Dr. Cutchall stated Plaintiff takes hydrocodone, which causes drowsiness. Id. Dr. Cutchall opined Plaintiff is incapable of even low stress jobs (Tr. 848). She opined Plaintiff could walk one city block

without rest or severe pain, and could only sit ten minutes before needing to get up and stand ten minutes before needing to sit down or walk around (Tr. 848). Dr. Cutchall opined Plaintiff could sit and stand/walk less than two hours in an eight-hour working day and would need a job that permits shifting positions at will (Tr. 849). She opined Plaintiff would need to take unscheduled breaks daily. Id. Dr. Cutchall opined Plaintiff could rarely lift less than ten pounds, look down, turn his head right or left, look up, or hold his head in a static position. Id. She opined Plaintiff could rarely twist, stoop, crouch or squat, and could never climb ladders or stairs (Tr. 850). Dr. Cutchall opined Plaintiff could spend ten percent of his day grasping, turning or twisting objects with his hands and performing fine manipulation with his fingers, and no time reaching with his arms. Id. Dr. Cutchall stated Plaintiff's impairments would produce a "bad day every day" and he would likely be absent from work more than four days per month. Id. She opined Plaintiff's prognosis was "poor" (Tr. 847).

> The ALJ had the following to say about Dr. Cutchall's opinion:
>
> The undersigned carefully considered Dr. Cutchall's opinion and finds certain aspects of the doctor's opinion are in fact consistent with the residual functional capacity determined in this decision, i.e. limited reaching capability. Notwithstanding, the majority of the opinion is inconsistent with other substantial evidence of record. For instance, a majority of the claimant's impairments were the result of the claimant's stent [sic] in the military in the 1970s. He worked for decades with these impairments. Additionally, record references the claimant being injured playing basketball, which is a physically demanding sport. Finally, the legal determination of disability under the Social Security Act is reserved exclusively for the Social Security Administration. This physician's opinion has been considered, but is not found persuasive.

(Tr. 49).

Plaintiff argues the ALJ provided insufficient reasons for discrediting Dr. Cutchall's opinion. Plaintiff argues the ALJ failed to identify which "other substantial evidence of record"

9

is inconsistent with Dr. Cutchall's opinion (Doc. 17 at 8).  Plaintiff alleges the only medical evidence that is inconsistent with Dr. Cutchall's opinion is the opinion of the non-examining State Agency physician, which is entitled to little weight.  Plaintiff argues his injuries are all degenerative in nature and it was improper for the ALJ to disregard Dr. Cutchall's opinion on the basis that Plaintiff served in the military and played basketball prior to his alleged onset of disability.

In response, the Commissioner contends substantial evidence supports the ALJ's decision to discredit Dr. Cutchall's opinion.  The Commissioner argues Dr. Cutchall's opinion is inconsistent with the substantial evidence of record, including the opinion of neurologist Dr. Angel Cruz, M.D., Dr. Cutchall's own treatment notes, and the opinion of the State Agency physician, Dr. Thomas Renny, D.O.

Contrary to the Commissioner's urging, the reasons provided by the ALJ for discounting the opinion of the treating physician do not survive scrutiny.  The ALJ apparently found it significant that Plaintiff's impairments began while he was serving in the military in the 1970s and that he worked for decades with these impairments.  Yet, the evidence shows Plaintiff's impairments worsened over the years to the point that he required shoulder surgery in January 2008 and medically retired from his employment at Bay Pines VA Hospital in March 2009.  Cf. Goff v. Barnhart, 421 F.3d 785, 792 (8th Cir. 2005) ("The fact that Goff worked with the impairments for over three years after her strokes, coupled with the absence of evidence of significant deterioration in her condition, demonstrate the impairments are not disabling in the present.  Furthermore, Goff stopped working because she was fired for slapping a patient, not because of her disability.").  Indeed, the ALJ found Plaintiff suffered from the severe impairment of *degenerative* disc disease.  This condition, as indicated by its very name, is

degenerative in nature and characterized by progressive deterioration. Plaintiff testified he sustained injuries to his right shoulder, right hip, left hand and left ankle while serving in the military, but his condition worsened as he got older (Tr. 65). Plaintiff testified he injured his left knee playing basketball in 2006, and he has not been able to play sports since then (Tr. 71). Plaintiff testified he received cortisone steroid injections in his right shoulder until January 2008 when he required surgery (Tr. 67, 71). In July 2008, orthopedic surgeon Dr. Sam Hakki noted Plaintiff's right shoulder was not responding to physical therapy and surgery, and Plaintiff had seventy percent restricted range of motion (Tr. 590). Dr. Hakki's impression was loss of full function of the right shoulder that was interfering with Plaintiff's job. Id. Plaintiff testified that after his surgery he missed an average of four days per month due to his conditions before he finally retired on medical disability (Tr. 74, 296-329). In light of the foregoing, Plaintiff's ability to work *forty years prior* to his alleged onset of disability and his ability to play basketball *three years prior* to his alleged onset of disability do not provide good cause to reject Dr. Cutchall's opinion as to Plaintiff's *current* functional capacity.

Other than noting Plaintiff's impairments began during his time in the military and Plaintiff was once injured while playing basketball, the ALJ failed to point to any other specific evidence in the record to support his conclusion that the "majority" of Dr. Cutchall's opinion is "inconsistent with other substantial evidence of record." Although the ALJ used the triggering language for the "good cause" exception, his conclusions are unsubstantiated by reference to specific evidence in the record, and provide the reviewing Court with little guidance in determining whether the findings are supported by substantial evidence.[1] See Cowart v.

---

[1] While it is incumbent upon this Court to "view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision" to ascertain whether the ALJ's decision
(continued...)

Schweiker, 662 F.2d 731, 735 (11th Cir. 1981) (finding the ALJ must specifically state the weight given to the evidence and why he came to that decision); Kahle, 845 F. Supp. 2d at 1272 ("Conclusory statements by an ALJ to the effect that an opinion is inconsistent with or not bolstered by the medical record are insufficient to show that an ALJ's decision is supported by substantial evidence unless the ALJ articulates factual support for such a conclusion."); Youngblood v. Astrue, No. 3:11-cv-128-J-MCR, 2012 WL 640739, at *5 (M.D. Fla. Feb. 28, 2012) (holding ALJ must state with specificity the evidence that supports his conclusions that treating physician's opinion was inconsistent with record and more limiting than was suggested by the record); Perez v. Comm'r of Soc. Sec., No. 6:10-cv-410-Orl-31GJK, 2011 WL 2610168, at *15 (M.D. Fla. June 13, 2011) (noting the ALJ provided "an exhaustive review of the medical record and opinion evidence" but nonetheless finding the ALJ failed to clearly articulate reasons which establish good cause to reject the opinions of plaintiff's treating physicians); Stroman v. Astrue, 08-22881-CV, 2009 WL 3669640, at *3 (S.D. Fla. Nov. 4, 2009) (holding ALJ failed to clearly articulate the reasons for rejecting treating physician's opinion when ALJ noted "opinion was contrary to other medical evidence, but did not specify what that evidence was," and noted "opinion was inconsistent with her treatment notes but did not specify how that was the case"); Paltan v. Comm'r of Soc. Sec., No. 6:07CV932-ORL-19DAB, 2008 WL 1848342, at *5 (M.D. Fla. Apr. 22, 2008) ("The ALJ's failure to explain how [treating physician's] opinion was 'inconsistent with the medical evidence' renders review impossible

---

[1](...continued)
is based on substantial evidence, it is also important to refrain from re-weighing the evidence. Moore v. Barnhart, 405 F.3d 1208, 1213 (11th Cir. 2005); Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986). A reviewing court may not substitute its judgment for that of the Commissioner's to provide an adequate explanation where none has been provided. See, e.g., Davis v. Comm'r of Soc. Sec., 449 Fed. Appx. 828, 833 (11th Cir. 2011) (per curiam).

and remand is required."); Poplardo v. Astrue, 3:06-CV-1101-J-MCR, 2008 WL 68593, at *11 (M.D. Fla. Jan. 4, 2008) (holding ALJ failed to clearly articulate the reasons for rejecting treating physician's opinion when ALJ found opinion was inconsistent with other evidence of record and unsupported by medical evidence but failed to substantiate findings by reference to specific evidence).

In making this determination, the Court has declined, as it must, to re-weigh the evidence in search of support for the ALJ's decision. Bloodsworth v. Heckler, 703 F.2d at 1239; see also Winschel, 631 F.3d at 1179 ("[W]hen the ALJ fails to state with at least some measure of clarity the grounds for his decision, [the court] will decline to affirm simply because some rationale might have supported the ALJ's conclusion." (internal quotations omitted)). Although the Commissioner raises arguments as to why Dr. Cutchall's opinion is due to be discredited, post hoc rationalizations set forth in Defendant's memorandum will not cure this defect in the ALJ's decision. See Baker v. Comm'r of Soc. Sec., 384 Fed. Appx. 893, 896 (11th Cir. 2010) (noting the Supreme Court's holding that a court may not accept appellate counsel's *post hoc* rationalizations for defective agency decisions). It is well established that "[t]he ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision, as adopted by the Appeals Council." Newton v. Apfel, 209 F.3d 448, 455 (5th Cir. 2000) (citing Knipe v. Heckler, 755 F.2d 141, 149 n.16 (10th Cir.1985) and Dong Sik Kwon v. INS, 646 F.2d 909, 916 (5th Cir.1981) (en banc)).

Finally, while the ALJ is correct that the issue of disability is reserved to the Commissioner, see 20 C.F.R. § 404.1527(d)(1), Dr. Cutchall did not state Plaintiff was disabled or unable to work. Rather, her opinion addressed Plaintiff's physical (and mental) capabilities and thus was a "medical opinion" as defined by the regulations. Therefore, the ALJ was

13

required to give her opinion controlling or substantial weight unless there was good cause to do otherwise.[2] As discussed above, the ALJ failed to articulate good cause for discounting Dr. Cutchall's opinion.

Without providing explicit and adequate reasons supported by good cause for discounting the opinion of Plaintiff's treating physician, it was improper for the ALJ to give greater weight to the contradictory opinion of the non-examining physician. See Broughton v. Heckler, 776 F.2d 960, 962 (11th Cir. 1985) (stating that an opinion of a non-examining physician "is entitled to little weight if it is contrary to the opinion of the claimant's treating physician") (citing Spencer, 765 F.2d at 1094).

Accordingly, the Court finds the ALJ failed to properly evaluate the medical opinion evidence, and as such, the ALJ's decision is not supported by substantial evidence.[3] As it is impossible for the Court to tell if the ALJ properly considered and weighed all the evidence in the record, this case must be remanded. See Lawton v. Comm'r of Soc. Sec., 431 Fed. Appx. 830, 835 (11th Cir. 2011) (internal citations and quotations omitted) ("Although the ALJ is not required to specifically refer to every piece of evidence in the record, he is required to explain the weight he afforded to obviously probative exhibits."); Owens v. Heckler, 748 F.2d 1511,

---

[2] The Court also notes, at the beginning of his analysis, the ALJ incorrectly stated "the record does not contain any opinions from treating or examining physicians indicating that the claimant is disabled" (Tr. 48). The limitations assessed by Dr. Cutchall, if fully credited, support a finding of disability.

[3] In addition to finding that the ALJ failed to articulate good cause to discount the opinion of Plaintiff's treating physician, the Court also notes its concern with the ALJ's overall approach to consideration of the medical opinions of record. With respect to the opinions of Dr. Cutchall, Plaintiff's treating physician, and Dr. Cruz, the examining neurologist, the ALJ addressed these opinions as being "consistent" or "inconsistent" with the ALJ's residual functional capacity determination. Not only does this approach fail to state with particularity the *weight* accorded to these opinions, it also implies the ALJ determined Plaintiff's RFC first and then compared the medical opinions of record against the pre-determined RFC. Such is improper.

1515-17 (11th Cir. 1984) (declining to affirm an ALJ's decision where it was unclear what test the ALJ used in reaching his conclusions and concluding it was not proper to affirm simply because some rationale might have supported the ALJ's conclusions). On remand, the ALJ shall reconsider the opinion evidence, including Plaintiff's treating physician, taking care to specify the weight accorded to the opinions and to clearly articulate his reasons should he find Dr. Cutchall's opinion is entitled to less than controlling weight. Further, the ALJ should identify specific evidence that supports his reasons for accepting or rejecting the medical opinions of record. Upon reconsideration of all medical opinions found in the record, the ALJ shall reassess Plaintiff's credibility and residual functional capacity.

### IV. CONCLUSION

For the foregoing reasons, the Commissioner's decision is hereby **REVERSED and REMANDED** for additional proceedings consistent with this Order and Opinion. On remand, the ALJ shall reopen the record and accept any additional evidence deemed appropriate.

Should this remand result in the award of benefits, Plaintiff's attorney is hereby granted, pursuant to Rule 54(d)(2)(B), an extension of time in which to file a petition for authorization of attorney's fees under 42 U.S.C. § 406(b), until thirty (30) days after the receipt of a notice of award of benefits from the Social Security Administration. **This order does not extend the time limits for filing a motion for attorney's fees under the Equal Access to Justice Act.**

**DONE AND ORDERED** in Jacksonville, Florida this 3rd day of December, 2013.

_____
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of Record